The Honorable Dan Harmon Prosecuting Attorney Seventh Judicial District P.O. Drawer 999 Benton, AR 72015
Dear Mr. Harmon:
This is in response to Deputy Prosecuting Attorney Harold King's request for an opinion regarding the Cane Creek Fire Protection District ("District"). Mr. King states that the District has been authorized by the quorum court to expand its boundaries.[1]
The territory that will be included is approximately eight miles from the existing fire station. The following question is posed in this regard:
 If the Cane Creek Fire Protection District establishes a substation in the new territory, as is proposed in their expansion, would this cure the five mile line, as set forth in Arkansas Statute §§ 14-284-103 and 14-284-207?
Arkansas Code Annotated § 14-284-207 (Cum. Supp. 1991) states as follows:[2]
 (a)(1) The quorum court of each county wherein is located a fire protection district formed for fire purposes shall establish the service area of the fire protection districts to not exceed a radius of five (5) miles from each fire station.
 (2) For the purpose of this subdivision, five (5) miles means a distance of five (5) miles by straight line, not road or highway miles.
 (b) The quorum courts shall furnish the fire protection organizations with a map indicating their service area.
It thus appears, from the facts stated, that the annexed territory, or at least a part thereof, is outside the District's current service area. Section 14-284-207 clearly evinces an intent to limit the service area of a fire protection district to a radius of five (5) miles from each fire station. As a practical matter, therefore, a substation will be necessary in order for the District to service the area. The designated service area must, in addition, however, be established or expanded by the quorum court to include the portion of the annexed territory that will extend from the proposed subsection. Assuming that it in fact constitutes a fire station, the substation will, following the quorum court's action, "cure" the five-mile line.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It is my understanding that the expansion is pursuant to Act 1028 of 1991, which is codified at A.C.A. § 14-284-224 (Cum. Supp. 1991). This act authorizes the annexation of territory to an existing fire protection district upon petition of property owners, through either a special election or county ordinance. No area may be annexed if it is within the service area of another fire protection district or a nonprofit fire protection corporation. A.C.A. § 14-284-224(f).
[2] Although reference is made in the question to A.C.A. §14-284-103, I assume that the District was formed pursuant to A.C.A. §§ 14-284-201 et seq. The procedure under Act 1028 of 1991 (A.C.A. § 14-284-224) for annexing territory applies to districts formed under that subchapter.